IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02842-WYD-CBS

TRUSTEES OF THE SPRINGS TRANSIT COMPANY EMPLOYEE'S RETIREMENT AND DISABILITY PLAN,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, a Colorado municipal corporation and home rule city;
FIRSTGROUP AMERICA, INC., a Delaware corporation; and
FIRST TRANSIT, INC., a Delaware corporation,

    Defendants.

## ORDER OF REMAND

THIS MATTER is before the Court on several motions to remand in this case. These motions include Plaintiff's Motion to Remand (doc. # 9) (fully briefed as of April 9, 2010), Defendant City of Colorado Springs' Motion to Remand Civil Action to the Colorado State District Court for El Paso County (doc. # 14) (fully briefed as of April 7, 2010), and Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (doc. # 27) (fully briefed as of April 9, 2010). For the reasons stated below, I find that this case should be remanded to the District Court for El Paso County, State of Colorado.

As argued by both Plaintiff in its initial motion to remand and the Defendant City of Colorado Springs ["City"] in its motion to remand, Defendants FirstGroup America, Inc. and First Transit, Inc. [collectively "First Transit"] did not seek the consent of the City, the other Defendant in this action, before filing their Notice of Removal as required

by 28 U.S.C. § 1441(a). Moreover, the City has made clear that it does not consent to this removal action by First Transit. Because not all of the Defendants have consented to the jurisdiction of this Court, it is argued that this case should be remanded to the state court.

Turning to my analysis, as judicially interpreted 28 U.S.C. § 1446(b) requires all served defendants, except nominal defendants, to join or consent to the removal petition within thirty days of service, commencing when the first defendant is served." *Scheall v. Ingram*, 930 F. Supp 1448, 1449 (D. Colo. 1996) (citation omitted). "A petition filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants." *Id.* (citation omitted); *see also Cornwall v. Robinson*, 654 F.2d 658, 686 (10th Cir. 1981) (a removal petition that a co-defendant did not join in was "procedurally defective").

First Transit argues in response, however, that the City and Trustees' motions to remand disregard the well-established exception to the general rule of unanimity where, as here, the interests of the non-consenting defendant are aligned with those of the Plaintiff and not the removing Defendant. First Transit asserts that the City is behaving like a Plaintiff in this lawsuit, and that the City's and Trustee's interests are unquestionably aligned. This is because the City seeks a judicial determination that First Transit is responsible for serving as the sponsor of the Springs Transit Company Employees' Retirement and Disability Plan and that First Transit, not the City, is responsible for funding the Plan. It argues that when one considers the City's desired outcome, rather than the nominal position assigned to the City by the Trustees, it is

-2-

evident that the City must be realigned as a plaintiff for purposes of removal. Accordingly, First Transit concludes that the City's failure to consent to removal does not render the removal procedurally defective. Both Plaintiff and the City contest this argument in their reply briefs.

In deciding this issue, I must look to the complaint at issue filed in state court. The complaint asserts as the nature of the case that:

> The City of Colorado Springs ("City") runs bus operations funded with its general revenues through use of private contractors. For many years, these contractors, including the current contractor, FirstGroup America, Inc., have sponsored the Plan, and through the Plan have promised bus drivers and other employees of the contractors a modest retirement pension benefit. In view of the City's pending termination of such bus operations funded by general City revenues, and a contractual provision for the City's assumption of the Plan in such circumstances, Plaintiff, the Trustees of the Plan, seeks this Court's declaratory judgment that either (i) the Plan may, consistent with TABOR, be assumed by the City, with the City becoming directly obligated to fund and pay the benefits promised to the participants and beneficiaries of the Plan, or (ii) the City is precluded from assuming the Plan notwithstanding the contractual provision therefor. Plaintiff also seeks injunctive relief to preserve the status quo and to prevent injury to the Plan's participants pending the Court's resolution of the questions presented.

(Compl., Ex. 1 to Notice of Removal, ¶ 1.) The first claim is thus a claim for declaratory judgment as to TABOR and its effect on the City's ability to become directly obligated to pay the benefits under the Plan. (*Id.*, ¶¶ 22-30.) The second claim is for a Temporary Restraining Order and Preliminary Injunction. (*Id.*, ¶¶ 31-35.)

It is clear from examining the complaint that the issue presented involves whether the enforcement of a contract for the City to assume the obligations of the Pension Plan violates the Colorado Constitution. In other words, the Trustees seek a

declaratory judgment from the Colorado Courts as to whether the City, under Colorado law, can act in accord with a service contract made between the City and First Transit pursuant to Colorado law, and which must be interpreted in accord with and under Colorado Law. On that issue, I find that both the City and First Transit have a significant interest, and the outcome of this determination affects all the Defendants' interests.

Based on the foregoing, I find that the City is not a nominal Defendant and that First Transit's argument that the City should be realigned as a plaintiff for purposes of the removal is rejected.[1] Since all Defendants did not join in or consent to removal, I find that the Notice of Removal is procedurally defective and that a remand of this case is appropriate to the state court. In so deciding, I note that I am guided by the presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). All doubts about removal jurisdiction must be resolved in favor of remand. *Fajen v. Found Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). It is therefor

ORDERED that Plaintiff's Motion to Remand (doc. # 9 filed January 4, 2010) and Defendant City of Colorado Springs' Motion to Remand Civil Action to the Colorado State District Court for El Paso County (doc. # 14 filed January 22, 2010) are **GRANTED**. The Clerk of Court is directed to **REMAND** this case to the District Court for El Paso County, State of Colorado. It is

---

[1] Since I have found that remand is not appropriate because the City did not consent to removal, I need not address the other arguments raised by the parties, including the issue of ERISA preemption and subject matter jurisdiction.

FURTHER ORDERED that Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (doc. # 27 filed February 10, 2010) is **DENIED AS MOOT**.

Dated: June 17, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge